UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXBO FRUIT US INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>TRIDENT AG SERVICES LLC, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00369-EPG<br><br>ORDER GRANTING PLAINTIFF OXBO AND THIRD-PARTY HUCKABY'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND THIRD-PARTY CLAIMS<br><br>(ECF No. 21) |

**I.    INTRODUCTION**

Plaintiff Oxbo Fruit US Inc. (Oxbo) initiated this case on March 27, 2025, by filing a complaint, generally alleging that, after it acquired their business through a detailed stock purchase contract, Defendants Nick Hansen, Estevan Tamez, and Kristopher Rodrick formed their own company to compete against Oxbo in violation of the contract's terms. (ECF No. 1).

On May 9, 2025, Hansen, Tamez, and Rodrick (Defendants, or the Trident Group) filed counterclaims against Oxbo, as well as a third-party complaint against an individual named Robert Huckaby, alleging that the purported contract is invalid because Defendants were provided only the signature pages of the contract and were misled by Huckaby about the terms of the contract. (ECF No. 6)

Now before the Court is Plaintiff and Huckaby's motion to dismiss Defendants' counterclaims and third-party complaint, filed on May 30, 2025. (ECF No. 21). For the reasons

1

explained below, the Court will grant the motion to dismiss.[1]

## II. BACKGROUND

### A. Plaintiff's Complaint

Plaintiff Oxbo filed its complaint on March 27, 2025. (ECF No. 1, p. 1). It alleges that on December 20, 2023, it acquired a company called Westside Equipment Co., (Westside), which designs, manufactures, and distributes specialized agricultural machinery. (*Id.* at 4). The purchase contract included "restrictive covenants that prohibited [Defendants] from competing with Oxbo, solicit[ing] any of Oxbo's customers or vendors, and solicit[ing] any employee or contractor of Oxbo." (*Id.*). In exchange for agreeing to the purchase contract, each Defendant received hundreds of thousands of dollars. (*Id.* at 5).

After execution of the purchase agreement, Plaintiff employed Defendants "in the same managerial and senior positions they had prior to the sale and enjoying the same level of access to the Oxbo's confidential and proprietary business information once belonging to Westside." (*Id.*). However, Defendants allegedly used their positions to access confidential proprietary and trade secret information and to form multiple entities (including Trident Ag Services, LLC) with the intent to compete against Oxbo and to solicit its customers and employees in violation of the stock purchase contract. (*Id.* at 6).

The complaint alleges multiple causes of action, including breach of contract and trade secret misappropriation. Attached to the complaint is a copy of the purported purchase agreement at issue. (*Id.* at 18-112)

### B. Defendant's Counterclaims and Third-Party Complaint

On May 9, 2025, Defendants filed counterclaims against Plaintiff, *see* Fed. R. Civ. P. 13, and a third-party complaint against an individual named Robert Huckaby, *see* Fed. R. Civ. P. 14. (ECF No. 16). Therein, Defendants allege that they only received a two-page document containing the signature pages to the contract, and did not receive or review the purchase agreement. Moreover, Huckaby represented to Defendants that the signature pages were "an

---

[1] The parties have consented to Magistrate Judge jurisdiction for all proceedings, and on July 14, 2025, the formerly presiding District Judge reassigned the case to the undersigned. (ECF No. 40).

authorization 'to release their shares.'" (*Id.* at 3). Based on Huckaby's description of the contract, Defendants "duly executed the signature page to release their shares and receive compensation for the same." (*Id.* at 4). Defendants never saw the full purchase agreement until this lawsuit was filed. Defendants allege that "Plaintiff Oxbo now seeks to enforce that substituted agreement despite actual or constructive knowledge that the Trident Group never assented to its terms." (*Id.*). As a result, Defendants claim that the purchase contract is invalid.

Defendants bring the following counterclaims against Plaintiff and third-party claims against Huckaby: (1) recission; (2) unjust enrichment; (3) declaratory relief: (4) reformation; (5) equitable indemnity; (6) fraud in the factum; and (7) and fraud in the inducement. Defendants also attach the signature document referenced in their allegations. (*Id.* at 10-16).

### C. Plaintiff and Huckaby's Motion to Dismiss Counterclaims and Third-Party Complaint

On May 30, 2025, Plaintiff and Third-Party Defendant Huckaby filed a motion to dismiss Defendants' counterclaims and third-party complaint. (ECF No. 21). Plaintiff and Huckaby argue that Defendants have failed to allege facts that would render the purchase agreement invalid or otherwise support the various counterclaims/claims. (*Id.* at 9) ("The Counterclaim does not contain allegations anywhere of any actual mistake of material fact that occurred, false misrepresentations, or any acts of deception or concealment by Oxbo or Huckaby."). They also argue that the counterclaims based on fraud are not pled with specificity because Defendants do not identify sufficient facts regarding Huckaby's purported misrepresentation about the terms of the contract. Moreover, Huckaby's statement that the contract would release Defendants' shares was accurate.

On June 11, 2025, Defendants filed a partial opposition to the motion to dismiss. (ECF No. 26). Defendants argue that they have alleged sufficient facts in support of the counterclaims/claims, except for their claims for declaratory relief, which they state they will remove, and equitable indemnity, which they state they will amend. (*Id.* at 6, 7). They generally argue that the failure to attach the contract to the signature pages, coupled with Huckaby's representation that the signatures were intended to release Defendants' shares,

3

render the purchase contract unenforceable under various legal theories set forth in the counterclaims.

The reply filed by Oxbo and Huckaby on June 20, 2025 generally repeats their arguments in favor of dismissal. (ECF No. 28).

### III. LEGAL STANDARDS FOR MOTION TO DISMISS

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim," *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); and "[a] motion to dismiss a counterclaim brought [under this Rule] is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss a plaintiff's complaint," *Leadership Stud., Inc. v. Blanchard Training & Dev., Inc.*, No. 15CV1831-WQH-KSC, 2017 WL 3315652, at *4 (S.D. Cal. Aug. 2, 2017). "It is the burden of the party bringing a motion to dismiss for failure to state a claim to demonstrate that the requirements of Rule 8(a)(2) have not been met." *Countrywide Home Loans, Inc.*, 2005 WL 1355440, at *3.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the counterclaims and third-party complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2017 WL 3075510, at *2 (C.D. Cal. May 17, 2017) ("For the purpose of a motion to dismiss counterclaims, the operative 'complaint' . . . is the counterclaims. Thus, as an example, the court must 'accept all factual allegations in the [counterclaims] as true.'") (citation omitted). "[T]he court must construe the [counterclaims and third-party complaint] in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a claim must be facially plausible, *i.e.*, the complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. This standard is not akin to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Group., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (footnote and citation omitted). However, there is a discretionary exception called "the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (noting that courts may, but do not have to, incorporate documents by reference); *LeMelle v. Villarreal*, No. CV 14-6676 DMG (AS), 2015 WL 13907541, at *3 (C.D. Cal. Sept. 30, 2015) (noting that "incorporation by reference is discretionary, not mandatory"). "In its most limited and literal form, incorporation by reference allows a court deciding a Rule 12(b)(6) motion to dismiss to consider materials attached to the complaint that are referenced in the complaint." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016).[2]

**IV.   ANALYSIS**

    **A.  Recission**

Plaintiff and Huckaby first move to dismiss Defendants' First Cause of Action asserted against them for "Rescission Pursuant to Civil Code § 1688, et seq." (ECF No. 16, p. 4). That cause of action asserts that Defendants are entitled to a rescission of the purchase agreement because:

[t]he Purchase Contract was executed by the individual members of the Trident

---

[2] In a subheading under the section regarding "Legal Standards" Plaintiff/Huckaby states that "The Purchase Contract is Judicially Noticeable and Proper to Review as Part of the Motion to Dismiss." (ECF No. 21, p. 9). However, they go on to cite law, similar to that cited above, that contracts referred to in claims are appropriately considered in ruling on a motion to dismiss. To the extent Plaintiff argues that the Court may consider the terms of the attached purchase agreement in connection with Plaintiff's allegations in Plaintiff's complaint, the Court agrees it may do so. To the extent Plaintiff seeks a formal order that the purchase agreement is judicially noticeable, an accurate statement of the terms agreed to between the parties, or is otherwise enforceable as a matter of law, the Court declines to do so. *See Fed. R. Evid.* 201 (permitting the court to "judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known in with the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

> Group by virtue of mistake of fact as to what the signature page was actually for, as the Trident Group understood the signature page was to release their shares, receive compensation for their shares, and nothing further.
>
> The Trident Group's consent was further obtained by misrepresentation as to what document their signature page would be attached to and the legal effect of the terms the Trident Group was agreeing to sight unseen.
>
> Accordingly, there is a failure of consideration.

(*Id.*) (paragraph numbers omitted).

In their motion to dismiss, Plaintiff and Huckaby argue that rescission based on unilateral mistake requires that the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party. (ECF No. 21, p. 11). Because Defendants have not alleged that Oxbo was aware of Defendants' purported mistake, they fail to plead a counterclaim for rescission based on mistake. Moreover, Defendants fail to allege any fraud supporting rescission with sufficient particularity. Plaintiff and Huckaby also cite to law that a failure to review the terms of a contract is not a basis for rescission.

In opposition, Defendants clarify that they are not seeking to rescind the contract based on mistake of fact. (ECF No. 26, p. 5) ("Plaintiff conflates the standards required for a mistake of fact and fraud, the latter of which is the basis for the Trident Group's claims."). They then argue that their that Huckaby represented that their signatures were for the release of their shares sufficiently states a cause of action for rescission due to fraud. They also argue that they have satisfied the specificity requirement for pleading fraud.

In reply, Plaintiff and Huckaby further argue that any statement by Huckaby cannot justify rescission because the counterclaims do not allege any facts indicating that Huckaby acted as an agent of Oxbo. (ECF No. 28, p. 4). Moreover, Huckaby's purported representation that the signature page's purpose was to release their shares is not false and thus cannot form a basis for rescission due to fraud.

Under California law, "[a] contract is extinguished by its rescission," Cal. Civ. Code § 1688, if, pertinent here, "the consent of the party rescinding . . . was . . . obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party,"

Cal. Civ. Code § 1689(b)(1).

The elements of fraud under California law are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Levesque v. Rinchem Co., Inc.*, No. 14-CV-05655-PSG, 2015 WL 6152783, at *2 (N.D. Cal. Oct. 20, 2015) (discussing fraud in context of California recission claim) (citation and quotation marks omitted).

Federal Rule of Civil Procedure 9(b), which requires "a party [to] state with particularity the circumstances constituting fraud or mistake," applies to state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action.").

With this law in mind, the Court starts by looking at what Defendants have alleged in their counterclaims/third-party complaint regarding Huckaby's supposedly fraudulent statement. On that point, the counterclaims/third-party complaint allege as follows: "On or about December 17, 2023, the Trident Group was presented via DocuSign with *only* a two-page document—containing *only* two signature pages—to sign, which was represented to them by Third-Party Defendant Robert Huckaby as an authorization 'to release their shares.'" (ECF No. 16, p. 3). Moreover, in the description of parties, the counterclaims and third-party complaint state "Third-Party Defendant Robert Huckaby is, and at all times mentioned herein was, a citizen of the State of California who was not a party to the original complaint but is directly responsible for the conduct giving rise to this third-party complaint, including the unauthorized substitution of terms." (*Id.*).

The Court next looks to whether these factual allegations, even if true, state a claim for rescission due to fraud under California law. Again, California law permits rescission when the "the consent of the party rescinding . . . was . . . obtained through duress, menace, fraud, or undue influence, *exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party*," Cal. Civ. Code

§ 1689(b)(1) (emphasis added). As described above, the counterclaims and third-party complaint do not contain any description of who Huckaby is. They do not allege any relationship between Huckaby and Oxbo or any other party to the contract.[3] Defendants' allegations are therefore not sufficient to plead a claim for fraud by rescission because they do not allege that the person who allegedly committed fraud, *i.e.*, Huckaby, was "the party as to whom he rescinds," *i.e.*, Oxbo, or "any other party to the contract jointly interested with such party." Defendants' counterclaim and third-party claim for their First Cause of Action thus fails to state a claim.

The Court next addresses Plaintiff's argument that this cause of action should also be dismissed because the allegations about Huckaby's statement do not satisfy the pleading standards for fraud. Under the Federal Rules of Civil Procedure, "[i]n alleging fraud . . . , a party must state with particularly the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

> [I]n alleging fraud or mistake, Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged. In addition, [t]he plaintiff must set forth what is false or misleading about a statement, and why it is false.

*Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotations and citation omitted).

The Court agrees with Plaintiff/Huckaby that Defendants' allegations about Huckaby's statement fail to meet this particularity requirement. Again, the only allegation about the supposedly fraudulent statement is: "On or about December 17, 2023, the Trident Group was presented via DocuSign with *only* a two-page document—containing *only* two signature pages—to sign, which was represented to them by Third-Party Defendant Robert Huckaby as an authorization 'to release their shares.'" (ECF No. 16, at p. 3). As an initial matter, the only quotation attributed to Huckaby is "to release their shares." This statement by itself is not

---

[3] In their opposition to the motion to dismiss, Defendants state that Huckaby was "an apparent executive for Plaintiff's business," citing to Paragraphs 10-12 of the Counterclaim. (ECF No. 26, p. 7). However, as the reply points out, the counterclaims themselves do not contain this allegation. (ECF No. 28, at pp. 7-8); (*see also* ECF No. 1, at p. 3).

1  fraudulent because all parties appear to agree that the purchase agreement did release
2  Defendants' shares. Although Defendants' opposition characterizes this statement as indicating
3  that "the signatures were necessary for the sole purpose of releasing the Trident Group's shares
4  in Westside Equipment Co. to Plaintiff," the counterclaims/third-party complaint do not allege
5  this. (ECF No. 26, p. 4).

   The Court also finds that the counterclaims fail to allege sufficient specificity about the circumstances of the statement to state a claim for fraud in the rescission. The quotation itself is only a partial phrase, without description of what was said before or after that phrase by Huckaby or anyone else. Moreover, as described above, there is no description of Huckaby's role or connection to the parties, or any facts indicating that he was aware of the terms of the purchase agreement and acted intentionally to misrepresent those terms. The counterclaims/third party claims also fail to provide any context surrounding the statement, such as what persons or documents were present when the statement was made. Without more specificity, these allegations are not sufficient to show, even if true, that Huckaby knowingly made a false representation, with the intent to induce Defendants to rely on it, nor that Defendants were justified in relying on it. *See Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1066–67 (2012) (noting that a plaintiff must set "forth facts to show that his or her actual reliance on the representations was justifiable, so that the cause of the damage was the defendant's wrong and not the plaintiff's fault. . . . The complaint must contain allegations of facts showing that the actual inducement of plaintiffs . . . was justifiable or reasonable.") (quotation marks and citation omitted).

   For these reasons, the Court finds that Defendant's First Cause of Action against Oxbo and Huckaby should be dismissed.[4]

   \\\
   \\\

---

[4] Plaintiff and Huckaby also argue that Defendants have failed to plead rescission due to lack of consideration for similar reasons. As Defendants do not argue this point in their opposition, and the Court agrees that Defendants First Cause of Action is insufficient to warrant rescission for lack of consideration in the absence of fraud, the Court does not address this further.

### B. Reformation[5]

Plaintiff and Huckaby also move to dismiss Defendants' Fourth Cause of Action for Reformation. This cause of action asserts that the purchase agreement "fails to accurately reflect the true and mutual understanding of the parties," because Defendants believed "the signature page was to release their interest in shares and receive compensation for said shares," and Plaintiff wrongfully substituted "a materially different agreement behind the separately signed signature page." (ECF No. 16, p. 6).

In their motion to dismiss, Plaintiff and Huckaby argue that Defendants have failed to adequately plead this claim because they have not alleged *mutual* mistake, or indeed any mistake given that the purchase agreement did in fact release Defendants' interest in shares. Plaintiff/Huckaby also argue that Defendants fail to allege any facts indicating that they were reasonable to rely on any alleged misrepresentation by Huckaby about the terms of the contract. Defendants also have not alleged the terms of the contract that they believe they entered into. (ECF No. 21, pp. 15-18).

In opposition, Defendants argue that they have adequately alleged reformation due to fraud, again relying on their allegations about Huckaby's statement. (ECF No. 26, p. 7).

California permits reformation of a contract:

> [w]hen through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.

Cal. Civ. Code § 3399.

The Court finds that Defendants have failed to allege a cause of action for reformation based on fraud for the same reasons that they have failed to allege rescission based on fraud.

### C. Fraud in the Factum and Fraud in the Inducement

Plaintiff and Huckaby next move to dismiss Defendants' Sixth and Seventh Causes of

---

[5] Because evaluation of the Second Cause of Action for Unjust Enrichment turns on whether Defendants have alleged a basis to rescind or void the contract, the Court will address it after addressing reformation.

Action for Fraud in the Factum Pursuant to Civil Code § 1577, and Fraud in the Inducement Pursuant to Civil Code § 1572. (ECF No. 16, p. 7).

Plaintiff/Huckaby again argue that Defendants fail to meet the pleading standards for fraud. (ECF No. 21, pp. 19-20). Moreover, they argue that Defendants do not allege any misrepresentations by Plaintiff itself. Plaintiff and Huckaby also argue that Defendants fail to allege justifiable reliance because "Oxbo and Huckaby were seated on opposite sides to the transaction, with Huckaby being aligned with Defendants' interests at the time." (*Id.* at 20).

In opposition, Defendants briefly reiterate their arguments that they have adequately alleged fraud based on Huckaby's alleged statement about the signatures releasing Defendants' shares. (ECF No. 26, pp. 7-8).

Fraud in the factum, also called fraud in the execution, "occurs when the promisor is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all." *Munoz v. Patel*, 81 Cal. App. 5th 761, 775 (2022) (quotation marks and citation omitted).

> If, because of a misrepresentation as to the character or essential terms of a proposed contract, a party does not know or have reasonable opportunity to know of its character or essential terms, then he neither knows nor has reason to know that the other party may infer from his conduct that he assents to that contract. In such a case there is no effective manifestation of assent and no contract at all.

*Id.* (quoting Rest.2d Contracts, § 163, com. a, p. 443).

> As *Munoz* explained:
> Fraud in the execution most often arises where some limitation—such as blindness, illness, or illiteracy—prevents a party from reading or understanding a contract he or she is about to sign. (See, e.g., *Rosenthal, supra*, 14 Cal.4th at pp. 427–428, 58 Cal Rptr.2d 875, 926 P.2d 1061 [defendants failed to disclose parts of contract when reading it aloud to the plaintiff, who was elderly and could not read English]; *Ramos v. Westlake Services LLC* (2015) 242 Cal.App.4th 674, 686–690 [195 Cal.Rptr.3d 34] (*Ramos*) [defendants presented Spanish-speaking plaintiff with agreement in Spanish and then had him execute English version of agreement with different terms]; *Jones v. Adams Financial Services* (1999) 71 Cal.App.4th 831, 835–850 [84 Cal.Rptr.2d 151] (*Jones*) [defendants tricked elderly, legally-blind woman into taking out a reverse mortgage by telling her she was merely signing paperwork to find out payoff schedule for her existing mortgage]; *Erickson v. Bohne* (1955) 130 Cal.App.2d

553, 554–557 [279 P.2d 619] (*Erickson*) [plaintiff's daughter took advantage of her physical and mental illness by tricking her into signing deed]; see also Black's Law Dict. (11th ed. 2019) Fraud in the Factum ["fraud in the factum occurs only rarely, as when a blind person signs a mortgage when misleadingly told that the paper is just a letter"].)

*Id.* at 775.

Similarly, fraud in the inducement, shares the same elements as actual fraud, which the Court has discussed previously, *i.e.*, misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011) ("The elements of fraud in inducement of a contract are the same elements as actual fraud.") (citing Cal. Civ. Code § 1572).

The Court finds that Defendants have failed to allege these causes of action for the same reasons discussed above. Additionally, Defendants have not alleged that they had some limitation that prevented them from learning the terms of the contract. Nor have Defendants alleged that Plaintiff surreptitiously modified or swapped the agreement without Defendants' knowledge.

### D. Unjust Enrichment

Finally, the Court addresses Plaintiff and Huckaby's motion to dismiss Defendants' Second Cause of Action for Unjust Enrichment, which argues that Defendants have failed to allege legal basis for disputing that a written contract exists, which is required for an Unjust Enrichment claim. (ECF No. 21, pp. 14-15).

In response, Defendants argue that "[r]estitution has two purposes: to 'restore the defrauded party to the position he would have had absent the fraud' and 'to deny the fraudulent party any benefits . . . which derive from his wrongful act.'" (ECF No. 26, pp. 5-6). Defendants also argue that there is no contract "because the parties failed to agree to the same thing," and assert that Plaintiffs "attempted to shoehorn in eighty-two (82) pages of a Purchase Agreement under the same 'agreement' with many additional terms . . . . the contract is void and, for all intends and purposes, does not exist." (*Id.* at 6).

All parties agree that Defendants can only assert an unjust enrichment claim if they have adequately pled that the contract is void or rescinded. *Mosier v. Stonefield Josephson,*

*Inc.*, 815 F.3d 1161, 1172 (9th Cir. 2016) ("[A]s a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights.") (*quoting Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.,* 94 Cal.App.4th 151, 172 (2001)). They differ as to whether Defendants have elsewhere stated a basis for finding the purchase agreement void or unenforceable.

For the reasons discussed above, Defendants have failed to plead causes of action that would rescind, reform, or otherwise void the contract. Moreover, Defendants do not contest that they intended to enter into a contract with Plaintiff. (ECF No. 16, at 4) ("[t]he Purchase Contract was executed by individual members of the Trident Group," albeit based on a mistake of fact). Indeed, Defendants themselves attach their electronic signatures as an exhibit to the counterclaims and third-party complaint. (ECF No. 16, pp. 9-11).

Thus, the Court grants Plaintiff and Huckaby's motion to dismiss Defendants' cause of action for unjust enrichment because Defendants concede that there was an express agreement and have failed to plead a basis for finding that agreement void or unenforceable.

### E. Leave to Amend

In their opposition, Defendants ask for leave to amend in the event that the Court grants Defendants' motion to dismiss. (ECF No. 26, pp. 8-9).

Plaintiff and Huckaby argue that leave to amend should not be granted because the counterclaims contradict the terms of the purchase contract. (ECF No. 21, p. 21).

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave when justice so requires." And the Ninth Circuit has concluded, "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quotation marks and citation omitted). Relevant factors to determine whether to grant leave to amend include bad faith, undue delay, prejudice to the opposing party, and/or futility of amendment. *Id.*

The Court will grant Defendants leave to amend their counterclaims and third-party complaint. As described above, the Court is granting Plaintiff and Huckaby's motion to dismiss because the factual allegations in the counterclaims and third-party complaint are not sufficient

to state the relevant causes of action. The Court does not agree that dismissal is warranted solely because it contradicts the terms of the purchase agreement, which is attached to Plaintiff's complaint.

### V. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff Oxbo Fruit US Inc. and Third-Party Defendant Huckaby's motion to dismiss (ECF No. 21) is granted as follows:
    a. The Court will dismiss the following causes of action set forth in Defendants' Counterclaim and Third-Party Complaint against Oxbo Fruit US Inc. and Robert Huckaby (ECF No. 16) with leave to amend: First Cause of Action for Rescission, Second Cause of Action for Unjust Enrichment, Fourth Cause of Action for Reformation, Fifth Cause of Action for Equitable Indemnity, Sixth Cause of Action for Fraud in the Factum, Seventh Cause of Action for Fraud in the Inducement.
    b. The Court will dismiss the following causes of action set forth in Defendants' Counterclaim and Third-Party Complaint against Oxbo Fruit US Inc. and Robert Huckaby (ECF No. 16) without leave to amend: Third Cause of Action for Declaratory Relief.
2. Within fourteen days from the entry of this order, Defendants Nick Hansen, Estevan Tamez, and Kristopher Rodrick may file amended counterclaims and/or an amended third-party complaint. If they fail to do so, the case will proceed only on Plaintiff's claims.

IT IS SO ORDERED.

Dated: **September 26, 2025**　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE