UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXBO FRUIT US INC., | Case No.   1:25-cv-00369-EPG |
| Plaintiff, | |
| v. | ORDER APPROVING STIPULATION FOR A PROTECTIVE ORDER, IN PART |
| TRIDENT AG SERVICES LLC, et al., | |
| Defendants. | (ECF No. 63) |

This matter is before the Court on the parties' stipulation for a protective order. (ECF No. 63). Upon review, the Court will approve the parties' stipulation for a protective order, in part.

The parties define confidential information subject to protection to

include information (regardless of how generated, stored, maintained or produced) contained or disclosed in any Material, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any Party to which it belongs under standards developed under F. R. Civ. P. 26(c).

(ECF No. 63, p. 3).

But such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for

1

soda, diary of a troubled child).”

However, the Court notes that the parties' stipulation elsewhere states as follows:

The preparation and trial of this action may require discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be trade secrets and/or confidential business and proprietary material for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be privileged communications, or material protected under California state law, or a very private nature including personal banking, financial information, medical and psychiatric information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

(*Id.* at 2).

The Court approves the stipulation to the extent that confidential information is limited to this more specific description in the stipulation.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as following other procedures than provided under the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (ECF No. 63, pp. 2, 11-12; *see* ECF No. 44, pp. 3-4; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 63) is approved, in part, as specified above.

IT IS SO ORDERED.

Dated:   **March 16, 2026**                    /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE